BENFREY DRESS COMPANY, INCORPORATED, RESPOND-
ENT, v. IRVING GALE, INCORPORATED, APPELLANT.

Submitted October term, 1934—Decided March 9, 1935.

Before Justices LLOYD, CASE and DONGES.

For the appellant, *Harold Simandl.*

For the respondent, *Morris J. Oppenheim.*

LLOYD, J.  This action was in two counts to recover the
price of goods sold; one based on a book account; the other
for goods sold and delivered.  The judge found for the plain-
tiff, and defendant appeals.

The grounds of the appeal are that the first count should
not have been amended; that the book account was not
admissible in evidence; that a nonsuit or direction should
have been granted; that the court erred in permitting plain-
tiff, at a time after the trial concluded, to prove its corporate
existence and reopening the case for the purpose; and that
there was no proof of authority in defendant's president to
purchase the goods to be delivered elsewhere than at the
defendant's place of business.

The first count in the state of demand and the book account
were objected to in that the specified goods were not set forth.
The court permitted the count to be amended and admitted
the book.  The book of account would seem to have been
properly admitted.  The objection that it failed to set out
the merchandise sold is not well founded.  The charges as

annexed to the return and marked *P-1* are to the contrary. They specify the articles as frocks and dresses, the dates and the prices.

The court properly permitted the amendment of the statement of demand, and the reopening of the case to permit proof of plaintiff's incorporation.

There was proof that the president of defendant company had authority to order the goods delivered elsewhere than at defendant's business place in Newark. The book account is *prima facie* evidence of sale, charge and proper delivery. In addition other orders for similar delivery had been given by the president and approved by the corporation, and the bills for the goods so ordered paid by it.

The judgment is affirmed, with costs.